**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, Suite 1557
Los Angeles, CA 90024
Telephone: (818) 532-6499
Facsimile: (917) 463-1044
E-mail: jpafiti@pomlaw.com

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRON WORKERS LOCAL 580 JOINT FUNDS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION, JENSEN HUANG, and COLETTE KRESS,<br><br>Defendants. | Case No.: 4:18-cv-07669-HSG<br><br>**NOTICE OF MOTION OF MEITAV DASH PROVIDENT FUNDS AND PENSION LTD. FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Haywood S Gilliam, Jr.<br>Hearing Date: May 9, 2019<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 2, 4th Floor |
| MICHAEL OTO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION, JENSEN HUANG, and COLETTE KRESS,<br><br>Defendants. | Case No.: 4:18-cv-07783-HSG |

# TABLE OF CONTENTS

I. CLAIMS ASSERTED ............................................................................................2

ARGUMENT ........................................................................................................3

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................3

II. MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF............................4

    A. Meitav Is Willing to Serve as a Class Representative ...............................5

    B. Meitav Has the Largest Financial Interest in the Action ..........................5

    C. Meitav Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................................................................6

    D. Meitav Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ......................................................7

III. MEITAV'S SELECTION OF COUNSEL SHOULD BE APPROVED...........................8

IV. CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) .................................................................................................... 6

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) ................................................................................................ 6

*Feyko v. Yuhe Int'l Inc.*, No. CF 11-05511 DDP (PJWx),
    2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) .................................................... 8

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir.1992) ............................................................................................... 6

*In re AudioEye, Inc.*, CV-15-163-TUC-DCB,
    2015 U.S. Dist. LEXIS 193348 (D. Ariz. July 31, 2015) .................................................... 8

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .............................................................................................. 4

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ..................................................... 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................................... 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................... 6

*In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830,
    U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ...................................................... 8

*Knox v. Yingli Green Energy Holding Co.*,
    135 F. Supp. 1159 (C.D. Cal. 2015) ................................................................................... 5

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................................... 5

*Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC,
    2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017) ................................................... 6

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..................................................... 8

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .................................................. 4, 5

*Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST,
    2016 U.S. Dist. LEXIS 177714 (N.D. Cal. Dec. 22, 2016) ..................................................... 8

*Smajlaj v. Brocade Communs. Sys.*, No. C 05-02042 CRB,
    2006 U.S. Dist. LEXIS 97618 (N.D. Cal. Jan. 12, 2006) ........................................................ 6

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................................. 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii) .................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules**

Federal Rule of Civil Procedure 23 ............................................................................... 1, 4, 6, 7

Federal Rule of Civil Procedure 42 ....................................................................................1, 3, 4

**PLEASE TAKE NOTICE** that on May 9, 2019 at 2:00 p.m. before the Honorable Haywood S Gilliam, Jr. at the Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94162. Meitav Dash Provident Funds and Pension Ltd. ("Meitav") will and does move this Court for an order granting its Motion for: (i) consolidation of the above-captioned related actions (the "Related Actions"); (ii) appointment of Meitav as Lead Plaintiff for the Class; and (iii) approval of Meitav's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds that: (i) the Related Actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (ii) Meitav should be appointed as Lead Plaintiff for a class consisting of all persons or entities other than defendants that purchased or otherwise acquired the securities of NVIDIA Corporation ("NVIDIA" or the "Company") between August 10, 2017 and November 15, 2018, both dates inclusive (the "Class Period"), as Meitav has timely made this Motion, believes that it has the largest financial interest in this litigation and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (iii) Meitav's selection of Pomerantz as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Meitav files herewith a memorandum of points and authorities, the Declaration of Jennifer Pafiti, the certification of Jennifer Pafiti pursuant to LR 3-7(d), a certification pursuant to LR 3-16, and a proposed order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Meitav respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the Related Actions;

(2) appointing Meitav as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired NVIDIA securities during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing Pomerantz as Lead Counsel for the Class.

**I.    CLAIMS ASSERTED**

The first of the Related Actions to be filed was commenced on December 21, 2018 against Defendants, alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for plaintiff in that action issued a PSLRA early notice advising potential Class members of, among other things, the pendency of the action, the claims alleged in the action and the February 19, 2019 deadline to seek appointment as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Jennifer Pafiti filed herewith ("Pafiti Decl.").

NVIDIA designs, develops, and markets graphics processing units ("GPUs") and related software. Although traditionally used in connection with computer gaming, demand for the Company's GPUs surged as NVIDIA's GPUs became widely used in connection with cryptocurrencies. Given the volatility in the cryptocurrency market, the Company's ability to adapt to the ever-changing cryptocurrency landscape was critical to investors.

As alleged in the Complaints filed in the Related Actions, throughout the Class Period, Defendants assured investors that the Company followed the market closely and could adjust to rapid changes in the cryptocurrency markets. Even as analysts increasingly began to question the Company's ability to manage inventory in the face of an uncertain cryptocurrency market, Defendants touted that NVIDIA and its executives are "masters at managing our channel, and

we understand the channel very well." NVIDIA also repeatedly assured investors that surging demand for GPUs among cryptocurrency miners would not have a negative impact on the Company because of strong demand for GPUs by NVIDIA's core customer base of computer gamers. As a result of these misrepresentations, NVIDIA shares traded at artificially inflated prices throughout the Class Period.

The truth began to be disclosed on August 16, 2018, when NVIDIA lowered its revenue guidance for the third quarter of 2018 and reported that it no longer expects a meaningful contribution from cryptocurrency miners for the remainder of the year. NVIDIA also reported that its GPU inventory had ballooned by over 30% from the prior quarter, which investors feared could be a sign of slowing demand for NVIDIA's GPUs. Then, on November 15, 2018, NVIDIA significantly cut its revenue guidance for the fiscal fourth quarter, revealing that revenue would decline by over 7% in the quarter. NVIDIA attributed its poor financial results to surging inventory of midrange GPUs that built up in the channel before the rapid fade of cryptocurrency mining.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also*

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions is pending in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Meitav satisfies the above criteria, believes it has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Meitav Is Willing to Serve as a Class Representative

Meitav has timely filed the instant motion in response to a PSLRA early notice, and it has filed herewith a PSLRA certification attesting that it is willing to serve as a representative of the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, Meitav satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Meitav Has the Largest Financial Interest in the Action

As of the time of the filing of this motion, Meitav believes that it has the largest financial interest of any Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *3; *Knox v. Yingli Green Energy Holding Co.*, 135 F. Supp. 1159, 1163 (C.D. Cal. 2015).

During the Class Period, Meitav (1) purchased 89,840 shares of NVIDIA stock; (2) expended $19,369,597 on its purchases of NVIDIA securities; (3) retained 47,270 of its shares of NVIDIA stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $2,347,285 in connection with its purchases of NVIDIA securities. *See* Pafiti Decl., Ex. C. Because Meitav possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

### C. Meitav Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a prima facie showing that Meitav satisfies the requirements of Rule 23 is sufficient. *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *3 (S.D. Cal. Nov. 7, 2017). Moreover, "[t]he only Rule 23 factors that are relevant are typicality and adequacy of representation." *Smajlaj v. Brocade Communs. Sys.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *9 (N.D. Cal. Jan. 12, 2006) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the

same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Meitav are typical of those of the Class. Meitav alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning NVIDIA, or omitted to state material facts necessary to make the statements they did make not misleading. Meitav, as did all members of the Class, purchased NVIDIA securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Meitav is an adequate representative for the Class. There is no antagonism between the interests of Meitav and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, Meitav has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

**D.   Meitav Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Meitav as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

 (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Meitav's ability and desire to fairly and adequately represent the Class has been discussed above. Meitav is not aware of any unique defenses that Defendants could raise against it that would render Meitav inadequate to represent the Class. Accordingly, the Court should appoint Meitav as Lead Plaintiff for the Class.

Meitav is a sophisticated institutional investor with significant assets under management. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this judicial district and the Ninth Circuit prefer appointment of institutional investors to lead complex securities class actions. *See, e.g., Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714, at *7 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Feyko v. Yuhe Int'l Inc.*, No. CF 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010)); *In re AudioEye, Inc.*, CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

### III. MEITAV'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with

Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Meitav has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.—Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See* Pafiti Decl., Ex. D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the above-captioned action, Meitav's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Meitav, the members of the class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Meitav respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Meitav as Lead Plaintiff of the Class; and (3) approving Pomerantz as Lead Counsel.

Dated:  February 19, 2019            Respectfully submitted,

**POMERANTZ LLP**

/s/ Jennifer Pafiti
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, Suite 1557
Los Angeles, CA 90024
Telephone: (818) 532-6499
Facsimile: (917) 463-1044
E-mail: jpafiti@pomlaw.com

| | |
|---|---|
| 1 | **POMERANTZ LLP** |
| 2 | Jeremy A. Lieberman |
| | J. Alexander Hood II |
| 3 | Jonathan D. Lindenfeld |
| | 600 Third Avenue, 20th Floor |
| 4 | New York, New York 10016 |
| | Telephone:   (212) 661-1100 |
| 5 | Facsimile:    (212) 661-8665 |
| | Email:  jalieberman@pomlaw.com |
| 6 | Email:  ahood@pomlaw.com |
| | Email:  jlindenfeld@pomlaw.com |

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I hereby certify that on February 19, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti