1  COOLEY LLP
   JOHN C. DWYER (136533) (dwyerjc@cooley.com)
2  PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
   CLAIRE A. MCCORMACK (241806) (cmccormack@cooley.com)
3  BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
   EMILY B. HARRINGTON (319657) (eharrington@cooley.com)
4  3175 Hanover Street
   Palo Alto, CA  94304-1130
5  Telephone:    (650) 843-5000
   Facsimile:    (650) 849-7400
6
   Attorneys for Defendants
7  NVIDIA CORPORATION,
   JENSEN HUANG, and COLETTE KRESS
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
                                    |  Case No. 4:18-cv-07669-HSG
12 In re: NVIDIA CORPORATION        |
   SECURITIES LITIGATION            |  CONSOLIDATED CLASS ACTION
13                                   |
                                    |  DEFENDANTS' ADMINISTRATIVE
14                                   |  MOTION TO RELATE AND
   This Document Relates to:        |  CONSOLIDATE CASES AND TO
15                                   |  APPOINT CO-LEAD COUNSEL
        ALL ACTIONS                  |
16                                   |  (Civil Local Rules 3-12(b) and 7-11)
                                    |
17                                   |  Current CMC: March 26, 2019
                                    |  Judge:      Hon. Haywood S. Gilliam, Jr.
18                                   |  Courtroom:   2

19

20 **I.    INTRODUCTION**

21        Pursuant to Civil Local Rules 3-12 and 7-11 and Federal Rule of Civil Procedure 42(a),

22 Defendants NVIDIA Corporation ("NVIDIA" or the "Company"), Jensen Huang, Colette M. Kress,

23 Robert K. Burgess, Tench Coxe, Persis S. Drell, James C. Gaither, Dawn Hudson, Harvey C. Jones,

24 Michael G. McCaffery, Mark L. Perry, A. Brooke Seawell, and Mark A. Stevens (collectively,

25 "Defendants") hereby make this stipulated request[1] for an order:

26        **(1)** Relating the following three purported shareholder derivative actions (the "Derivative

27 ─────────────────────
   [1] Counsel in each of the Derivative Actions join this request.  The stipulation is filed herewith as
28 Exhibit A (the "Stipulation").  Counsel in the Consolidated Class Action stated that they do not object
   to the motion.  The declaration of Brett H. De Jarnette is filed herewith as Exhibit B.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE AND
CONSOLIDATE CASES AND APPOINT CO-LEAD COUNSEL
CASE NO. 4:18-CV-07669-HSG

Actions"):

| Abbreviated Case Name | Case Number | Date Filed in N.D. Cal. | Current Assignment |
|---|---|---|---|
| *Han v. Huang, et al.* (the "*Han* Action") | 3:19-cv-00341 | Jan. 18, 2019 | Hon. William H. Orrick |
| *Yang v. Huang, et al.* (the "*Yang* Action") | 3:19-cv-00766 | Feb. 12, 2019 | Hon. Jon S. Tigar |
| *The Booth Family Trust v. Huang, et al.* (the "*Booth* Action") | 3:19-cv-00876 | Feb. 19, 2019 | Hon. Elizabeth D. Laporte |

with the purported consolidated class action (the "Consolidated Class Action")[2] that is currently pending before this Court:

| Abbreviated Case Name | Case Number | Date Filed in N.D. Cal. | Current Assignment |
|---|---|---|---|
| *In re NVIDIA Corporation Securities Litigation* | 4:18-cv-07669 | Dec. 21, 2018 | Hon. Haywood S. Gilliam, Jr. |

**(2)** Relating the Derivative Actions to each other; **(3)** Consolidating the Derivative Actions with each other; **(4)** Appointing Co-Lead counsel for Plaintiffs; and **(5)** Granting the additional relief sought in the Stipulation attached as <u>Exhibit A</u>.

First, the Consolidated Class Action and Derivative Actions should be related because they involve substantially the same parties, transactions, and events.  The Consolidated Class Action asserts claims against the Company and two of its officers, alleging that they violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities Exchange Commission Rule 10b-5 by making materially false and misleading statements related to channel inventory and the impact of cryptocurrency mining on GPU demand.  The Consolidated Class Action also alleges that the named NVIDIA officers violated Section 20(a) of the Exchange Act.  The Derivative Actions are substantially similar – they are brought against the same officers named in the Consolidated Class Action (as well as members of NVIDIA's board of directors), rely on the substantially same factual allegations, identify many of the same alleged false and misleading statements, and assert violations of substantially the same statutes.  Second, the Derivative Actions should be related to each other. They allege substantially similar claims against the same defendants, arise from substantially the same transactions and events, and request substantially the same relief.  Given the significant overlap of legal and factual issues, relating the Derivative Actions to the Consolidated Class Action and to each

---

[2] For the convenience of the Court, a copy of each of the complaints in the Derivative Actions are attached as <u>Exhibit C</u> through <u>Exhibit E</u>.  A consolidated complaint has not yet been filed in the Consolidated Class Action.  The individual Class Action complaints are attached as <u>Exhibits F</u> and <u>G</u>.

Cooley LLP
Attorneys At Law
Palo Alto

2.

Defendants' Administrative Motion To Relate and Consolidate Cases and Appoint Co-Lead Counsel
Case No. 4:18-cv-07669-HSG

other will avoid both conflicting results and burdensome duplication of labor by the Court.  Third, because the Derivative Actions involve common questions of law and fact, consolidation is proper. Finally, appointing lead counsel in the consolidated Derivative Actions and granting the further ancillary relief sought in the Stipulation and Proposed Order will promote judicial efficiency and economy.

## II.    DISCUSSION

### A.    APPLICABLE RULES

Civil Local Rule 3-12(a) provides, in pertinent part: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Pursuant to Civil Local Rule 3-12(b), whenever a party learns that an action may be related to an action that is pending in this District, the party must promptly file in the earliest filed case an administrative motion pursuant to Civil Local Rule 7-11 to consider whether the cases should be related.

In addition, pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate two or more actions pending in the same district if they "involve a common question of law and fact."  Fed R. Civ. P. 42(a).  Indeed, "[t]he district court has broad discretion under . . . [R]ule [42(a)] to consolidate cases pending in the same district."  *Investors Research Co. v. US. Dist. Ct. for Central Dist. Of Cal*., 877 F.2d 777, 777 (9th Cir. 1989).

### B.    THE DERIVATIVE ACTIONS ARE RELATED TO THE CONSOLIDATED CLASS ACTION AND TO EACH OTHER AS DEFINED UNDER CIVIL LOCAL RULE 3-12(A).

The Derivative Actions and Consolidated Class Action should be related because they involve substantially the same parties and events, and relation would foster judicial economy.  The Consolidated Class Action names the Company and two of its officers as defendants.  The Derivative Actions name the same two officers, as well as members of NVIDIA's board of directors.  (*Compare e.g.*, Ex. E ¶¶ 9-11 *with* Ex. A ¶¶ 23-67)  The Consolidated Class Action alleges that defendants made materially false or misleading statements related to channel inventory and the impact of cryptocurrency mining on GPU demand between August 10, 2017 and November 15, 2018.  (*See e.g.*,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE AND
CONSOLIDATE CASES AND APPOINT CO-LEAD COUNSEL
CASE NO. 4:18-CV-07669-HSG

Ex. E ¶¶ 1-5)  The Derivative Actions assert substantially the same factual allegations over similar time periods.  (*See e.g.*, Ex. A ¶¶ 1-11)  The Consolidated Class Action claims the Company and two of its officers violated Sections 10(b) and 20(a) of the Exchange Act and SEC Rule10b-5.  (*See e.g.*, Ex. E ¶ 6)  The Derivative Actions also claim the Defendants violated Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, as well as Section 14(a), and characterizes those violations as breaches of the officers and directors' fiduciary duties.  (*See e.g.*, Ex. A ¶¶ 14-16)  Given their substantial similarity, the Derivative Actions and Consolidated Class Action should be related.

Furthermore, conducting the Derivative Actions and Consolidated Class Action before separate judges risks unduly burdensome duplication of labor and expenses, and potentially inconsistent results.  For example, Defendants intend to file a motion to dismiss the Consolidated Class Action pursuant to the Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) and Section 21D(b) ("PSLRA") of the Exchange Act.  Many of the issues raised in that motion will also impact the Derivative Actions.  If the Derivative Actions are not related, there is a risk of inconsistent rulings. Relating the Derivative Actions to the Consolidated Class Action will avoid the need for separate judges to address substantially similar issues of pleading and liability.

The Derivative Actions should also be related to each other for the same reasons.  The Derivative Actions challenge similar conduct during similar time periods and identify substantially similar purported misstatements.  (*See e.g.,* Ex. A ¶¶ 103, 117; Ex. B ¶¶ 103, 117; Ex. C ¶¶ 48, 62) Relating the Derivative Actions to each other will promote efficiency by allowing the Court to coordinate motions, discovery, and case management conferences.

## C.      THE DERIVATIVE ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(A).

The Court should consolidate the Derivative Actions for all purposes.  Consolidation is proper where, as here, two or more actions "involve a common question of law and fact." Fed R. Civ. P. 42(a).  As discussed above, the Derivative Actions name the same defendants, the claims are substantially similar and arise from similar allegations concerning the same events, and each action seeks substantially the same relief.  As such, consolidation of the Derivative Actions is appropriate.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE AND
CONSOLIDATE CASES AND APPOINT CO-LEAD COUNSEL
CASE NO. 4:18-CV-07669-HSG

**D.   COUNSEL FOR PLAINTIFFS IN THE DERIVATIVE ACTIONS HAVE STIPULATED TO CO-LEAD COUNSEL**

Should the Court order the Derivative Actions consolidated, Counsel for Plaintiffs in the Derivative Actions have stipulated to appoint co-lead counsel. (Ex. A ¶ 7) Defendants take no position with respect to the Court's selection of lead counsel, while reserving all rights.

**E.   THE ANCILLARY RELIEF SOUGHT IN THE STIPULATION WILL FURTHER JUDICIAL EFFICIENCY AND ECONOMY**

The parties have reached agreement on matters ancillary to the relation and consolidation of the Derivative Actions. The relief sought is detailed in the Stipulation and Proposed Order and should allow for greater judicial economy. (*See* Ex. A ¶¶ 5-6, 8-12)

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court relate the Derivative Actions to the Consolidated Class Action and to each other, consolidate the Derivative Actions for all purposes, appoint co-lead counsel for plaintiffs, and grant the further ancillary relief sought in the Stipulation and Proposed Order.

Dated: March 7, 2019

COOLEY LLP
PATRICK E. GIBBS

_____
*/s/ Patrick E. Gibbs*
Patrick E. Gibbs (136533)

Attorneys for Defendants
NVIDIA CORPORATION, JENSEN HUANG, and COLETTE KRESS

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE AND CONSOLIDATE CASES AND APPOINT CO-LEAD COUNSEL
CASE NO. 4:18-CV-07669-HSG