COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
CLAIRE A. MCCORMACK (241806) (cmccormack@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
EMILY B. HARRINGTON (319657) (eharrington@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendants
NVIDIA CORPORATION, JENSEN
HUANG, and COLETTE KRESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: NVIDIA CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-07669-HSG<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE AND CONSOLIDATE CASES AND TO APPOINT CO-LEAD COUNSEL**<br><br>[CIVIL L.R. 3-12(b) and 7-11]<br><br>Current CMC: March 26, 2019<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

Having considered the administrative motion of Defendants under Civil L.R. 3-12 and Federal Rule of Civil Procedure 42(a), the Court enters the following order:

1. The following three derivative actions (the "Derivative Actions"):

| Abbreviated Case Name | Case Number | Date Filed in N.D. Cal. | Current Assignment |
|---|---|---|---|
| *Han v. Huang, et al.* (the "*Han* Action") | 3:19-cv-00341 | Jan. 18, 2019 | Hon. William H. Orrick |
| *Yang v. Huang, et al.* (the "*Yang* | 3:19-cv-00766 | Feb. 12, 2019 | Hon. Jon S. Tigar |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

DEFENDANTS' [PROPOSED] ORDER RE ADMIN. MOTION
TO RELATE AND CONSOLIDATE AND APPOINT CO-LEAD
COUNSEL CASE NO. 4:18-CV-07669-HSG

| | | | |
|---|---|---|---|
| Action") | | | |
| *The Booth Family Trust v. Huang, et al.* (the "*Booth* Action") | 3:19-cv-00876 | Feb. 19, 2019 | Hon. Elizabeth D. Laporte |

and the consolidated securities class action, *In Re NVIDIA Corporation Securities Litigation*, Case. No. 4:18-cv-07669-HSG, (the "Consolidated Class Action"), currently pending before the Hon. Haywood S. Gilliam, Jr., involve substantially similar parties and events; conducting them before different judges would create the risk of potentially unduly burdensome duplication of labor and expenses and inconsistent results. Accordingly, the Derivative Actions are hereby related to the Consolidated Class Action and reassigned to the Hon. Haywood S. Gilliam, Jr.

2. Each of the Derivative Actions also involve substantially similar parties and events and there is a risk of unnecessary duplication of labor and expenses or conflicting results if they were to be conducted separately before different judges. Accordingly, the Derivative Actions are also hereby related to each other.

3. The Derivative Actions involve a common question of law and fact. Pursuant to Federal Rule of Civil Procedure 42(a), the Derivative Actions are hereby consolidated with each other for all purposes, including pre-trial proceedings and trial, under Case No. 3:19-cv-00341, which shall serve as the lead case (the "Consolidated Derivative Action").

4. The Consolidated Derivative Action shall not be consolidated with the Consolidated Class Action.

5. Every pleading filed in the Consolidated Derivative Action shall bear the following caption:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' ORDER RE ADMIN. MOTION TO RELATE
AND CONSOLIDATE AND APPOINT CO-LEAD COUNSEL
CASE NO. 4:18-CV-07669-HSG

| | |
|---|---|
| In re NVIDIA CORPORATION CONSOLIDATED DERIVATIVE LITIGATION | Case No. 4:19-cv-00341 |
| | Judge: Hon. Haywood S. Gilliam, Jr. |
| | Courtroom: 2 |
| This Document Relates to: | Related Case No. 4:18-cv-07669-HSG |
| ALL ACTIONS | |

6. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Lead Case 4:19-cv-00341.

7. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**WEISSLAW LLP**
David C. Katz
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dckatz@weisslawllp.com

8. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

10. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

11. For all shareholder derivative actions subsequently filed in, removed to, reassigned to, or transferred to this Court that are related to the Consolidated Derivative Action by the Court, the parties (including the parties to the subsequently filed action) shall meet and confer regarding potential consolidation. If the parties ultimately stipulate to consolidation, such action will be consolidated with the Consolidated Derivative Action. If the parties are unable to agree on consolidation, the parties shall bring the matter to the Court's attention within 10 days after the subsequently filed or transferred action is related to the Consolidated Derivative Action.

12. The parties shall submit a proposed schedule within thirty (30) days of entry of this Order. Defendants are not required to answer, move, or otherwise respond to the respective complaints filed in the *Han*, *Yang*, or *Booth* actions until the deadline set forth in the Court's order on the parties' proposed schedule. The Court's scheduling order will supersede any and all deadlines previously set in the individual Derivative Actions.

13. The parties are not waiving any rights, claims, or defenses of any kind except as expressly stated herein, and the parties reserve the right to seek further extensions of time as circumstances may warrant, subject to the Court's approval.

14. The clerk is directed to administratively close the later-filed civil actions, Case Nos. 19-cv-00766 and 19-cv-00876.

//

IT IS SO ORDERED.

DATED: <u>MARCH 12, 2019</u>

_____
Hon. Haywood S. Gilliam, Jr.
United States District Court Judge