UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NVIDIA CORPORATION SECURITIES LITIGATION | Case No. 18-cv-07669-HSG <br><br> **ORDER GRANTING E. ÖHMAN J:OR FONDER AB AND STICHTING PENSIOENFONDS PGB'S MOTION RE: APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL** <br><br> Re: Dkt. Nos. 22, 26, 41, 42 |

On December 21, 2018 Plaintiff Iron Workers Local 580 Joint Funds filed the first of two securities class action lawsuits bringing claims individually and on behalf of others who acquired common stock of NVIDIA Corporation ("NVIDIA" or "the Company") during the period between August 10, 2017 and November 15, 2018 ("Class Period") and consequently suffered damages. Dkt. No. 1 ("Compl.").[1] The complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5. Compl. ¶¶ 48–58. The complaint names the following Defendants: NVIDIA; NVIDIA's President and Chief Executive Officer, Jensen Huang; and NVIDIA's Executive Vice President and Chief Financial Officer, Collette Kress. *Id.* ¶¶ 9–12.

Seven competing motions for appointment as lead plaintiff and approval of lead counsel were filed: (1) a motion filed by Henry Keller, Dennis Horanic, and Jack Cravens ("Keller Group"), seeking appointment as lead plaintiffs and approval of Gainey McKenna & Egleston as lead counsel and Tostrud Law Group, P.C. as liaison counsel, Dkt. No. 19; (2) a motion filed by

---

[1] The Court subsequently related, and later consolidated, the second class action with this case. *See* Dkt. Nos. 12 (order relating Case No. 4:18-cv-07783-HSG), 68 (order consolidating the two actions).

Meitav Dash Provident Funds and Pension Ltd. ("Meitav"), seeking appointment as lead plaintiff and approval of Pomerantz LLP as lead counsel, Dkt. No. 22; (3) a motion filed by Shelly Weiss ("Weiss"), seeking appointment as lead plaintiff and approval of Labaton Sucharow LLP as lead counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick, LLP as liaison counsel, Dkt. No. 26; (4) a motion filed by Dr. Julius Myron Rosen ("Rosen"), seeking appointment as lead plaintiff and approval of Kahn Swick & Foti, LLC as lead counsel, Dkt. No. 34; (5) a motion filed by Dineshkumar Patel, Cheyrisse Boone, Robert Boone, Daniel Morel, and Paul Chun ("NVDA Group"), seeking appointment as lead plaintiffs and approval of Bragar Eagel & Squire, P.C. and Levi & Korsinsky, LLP as co-lead counsel, Dkt. No. 38; (6) a motion filed by the Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Benefit Association Trust, and Oakland County Employees' Retirement System Trust ("Oakland County Funds"), seeking appointment as lead plaintiffs and approval of The Miller Law Firm, P.C. as lead counsel and Cotchett, Pitre & McCarthy, LLP as liaison counsel, Dkt. No. 41; and (7) a motion filed by E. Öhman J:or Fonder AB ("Öhman Fonder") and Stichting Pensioenfonds PGB ("PGB"), seeking appointment as lead plaintiffs and approval of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as lead counsel, Dkt. No. 42 ("Mot."). Subsequently, six of the seven movants either withdrew their motions and/or filed notices of non-opposition to Öhman Fonder and PGB's motion. *See* Dkt. Nos. 54, 62, 65, 66, 77, 79, 80. On March 5, 2019, Öhman Fonder and PGB filed a brief in further support of their initial motion, which represents that they are unopposed and thus presumptive lead plaintiffs. Dkt. No. 81. Having carefully considered the relevant filings and authorities, the Court **GRANTS** Öhman Fonder and PGB's motion and **DENIES** all unwithdrawn motions.[2]

## I.   BACKGROUND

As alleged in the complaint, Defendant NVIDIA "designs, develops, and markets graphics processing units ("GPUs") and related software." Compl. ¶ 2. And "[a]lthough traditionally used in connection with computer gaming, demand for the company's GPUs surged as NVIDIA's

---

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

GPUs became widely used in connection with cryptocurrencies." *Id.* Defendants allegedly made materially false or misleading statements and/or omissions concerning the demand for the Company's GPUs and NVIDIA's ability to adapt to changes in the cryptocurrency markets, and when the purported truth was revealed, NVIDIA's stock price fell and the putative class members—who acquired NVIDIA's common stock at inflated prices during the Class Period— suffered financial losses. *See, e.g., id.* ¶¶ 3–5, 35. For example, on November 15, 2018, NVIDIA cut its revenue guidance for the fiscal fourth quarter, allegedly "revealing that revenue would decline by over 7% in the quarter—a significant departure from the 17% growth investors had been led to expect." *Id.* ¶ 33. And NVIDIA purportedly " attributed its poor financial results to surging inventory of midrange GPUs that built up before the rapid fade of cryptocurrency mining." *Id.* Following these alleged disclosures, NVIDIA shares "decline[d] by $57.69, or 28.5%, over the next two trading sessions, wiping out over $35 billion in shareholder value." *Id.* ¶ 35.

## II.    APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.*

### A.    Step One

Step One consists of meeting the PSLRA's notice requirement. *Id.* "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date

on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *PR Newswire* on the same day that the complaint was filed. *Compare* Compl., *with* Dkt. No. 42-5. This clearly complied with the PSLRA's 20-day filing deadline. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Further, *PR Newswire* is a "widely circulated national business-oriented news reporting service," as is required. *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)); *see also Serafimov v. Netopia, Inc.*, No. C-04-03364 RMW, 2004 WL 7334061, *3 (N.D. Cal. Dec. 3, 2004) (finding publication in *PR Newswire* satisfied the notification requirement). Finally, the notice announced the filing of this class action, described the asserted claims, specified the putative class period, and explained that any motion to be appointed lead plaintiff had to be filed by February 19, 2019. *See* Dkt. No. 42-5.

For these reasons, the Court finds that Step One's requirements are met.

**B.    Step Two**

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The district court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If so, then that party is the presumptive lead plaintiff. *Id.*

Here, Öhman Fonder and PGB timely filed their motion to be appointed lead plaintiffs on February 19, 2019, satisfying subsection (a)(3)(B)(iii)(I)(aa). Moreover, they suffered alleged losses totaling $10,941,546 as a result of their transactions in NVIDIA securities during the Class

Period.  *See* Dkt. No. 81 at 3.  This alleged loss is greater than: the $4,145,787 loss alleged by

Weiss, *see* Dkt. No. 26 at 3; the $2.4 million loss alleged by Rosen, *see* Dkt. No. 34 at 5; the

$2,347,285 loss alleged by Meitav, *see* Dkt. No. 22 at 5; the $2,084,505 loss alleged by NVDA

Group, *see* Dkt. No. 38 at 6, the $924,998 loss alleged by Oakland County Funds, *see* Dkt. No. 41

at 2; and the $276,734 loss alleged by Keller Group, *see* Dkt. No. 20-3.  Since Öhman Fonder and

PGB's motion is unopposed and no other class members besides those just described filed

motions, no one claims to have suffered greater losses than Öhman Fonder and PGB.  Öhman

Fonder and PGB thus have "the most to gain from the lawsuit."  *See Cavanaugh*, 306 F.3d at 730.

      Next, the Court turns to the "typicality" and "adequacy" requirements of Rule 23(a).  The

Court finds that "typicality" is satisfied because the claims and defenses of Öhman Fonder and

PGB "are typical of the claims and defenses of the class."  *See* Fed. R. Civ. P. 23(a)(3).  Like other

putative class members, Öhman Fonder and PGB allege that during the Class Period, they

acquired NVIDIA's common stock at prices that were inflated by Defendants' material

misrepresentations and/or omissions, and that they consequently suffered damages.  *See* Dkt. No.

42-3 (adopting under penalty of perjury the allegations of the complaint).

      In addition, Öhman Fonder and PGB's motion represents that no antagonism exists

between Öhman Fonder and PGB's interests and those of other class members.  Mot. at 7.  And

given that the motion is now unopposed, the court has no reason to doubt this representation.  *Cf.*

*Ziolkowski v. Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14,

2017) (finding the typicality requirement satisfied where an unopposed movant represented that

there was "no evidence of antagonism between his interests and those of the proposed class").

The Court also finds that "adequacy" is satisfied because Öhman Fonder and PGB "will fairly and

adequately protect the interests of the class."  *See* Fed. R. Civ. P. 23(a)(4).  Like the lead plaintiff

appointed in *Ziolkowski*, Öhman Fonder and PGB's "substantial financial stake in the outcome of

this litigation, [their] timely filing of [their] motion, and the quality of [their] briefing all

demonstrate that [they are] both motivated to, and capable of, vigorously pursuing this litigation."

*See* 2017 WL 2572583, at *3 (quoting *Bodri v. GoPro, Inc.*, Case No. 16-cv-00232-JST, 2016 WL

1718217 (N.D. Cal. Apr. 28, 2016)).

1   Consequently, the Court finds that Step Two's requirements are met.

2   **C.      Step Three**

3   Step Three consists of "giv[ing] other plaintiffs an opportunity to rebut the presumptive

4   lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."

5   *Cavanaugh*, 306 F.3d at 730. Öhman Fonder and PGB's motion is now unopposed. Since their

6   presumptive lead plaintiff status is not rebutted, Step Three's requirements are met, and Öhman

7   Fonder and PGB's appointment as lead plaintiffs is appropriate.

8   **III.    APPOINTMENT OF LEAD COUNSEL**

9   Öhman Fonder and PGB have moved for approval of their selection of Kessler Topaz and

10  Bernstein Litowitz as lead counsel. Mot. at 10–13; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The

11  most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to

12  represent the class."). The Court defers to Öhman Fonder and PGB's choice of lead counsel

13  because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to

14  cast genuine and serious doubt on [their] willingness or ability to perform the functions of lead

15  plaintiff." *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739 n.11 (noting that "Congress gave

16  the lead plaintiff, and not the court, the power to select a lawyer for the class"). And both Kessler

17  Topaz and Bernstein Litowitz have extensive experience as counsel in securities class actions. *See*

18  Dkt. Nos. 42-6 (Kessler Topaz firm biography); 42-7 (Bernstein Litowitz firm biography).

19  Approval of Öhman Fonder and PGB's selection of counsel is therefore merited. Nonetheless,

20  Kessler Topaz and Bernstein Litowitz should divide up responsibilities in a way that promotes the

21  efficient representation of the putative class. *See Ziolkowski*, 2017 WL 2572583, at *3.

22  **IV.     CONCLUSION**

23  For the foregoing reasons, the Court **GRANTS** Öhman Fonder and PGB's motion. *See*

24  Dkt. No. 42.[3] All pending, unwithdrawn motions are **DENIED**. *See* Dkt. Nos. 22, 26, 41.

25  Öhman Fonder and PGB are appointed as lead plaintiffs for the putative class. Kessler Topaz and

26  Bernstein Litowitz are further approved as lead counsel for the putative class.

27

28  ───────────────
[3] Öhman Fonder and PGB also moved for consolidation of related actions. That aspect of their
motion is moot in light of the Court's March 4, 2019 order. *See* Dkt. No. 68.

6

As previously stipulated, within ten days of this order the parties shall meet and confer and submit a proposed schedule for the filing of a consolidated or amended complaint and the filing of Defendants' response thereto. *See* Dkt. No. 68.

**IT IS SO ORDERED.**

Dated:    5/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge