COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SARAH M. LIGHTDALE (4395661) (slightdale@cooley.com)
CLAIRE A. MCCORMACK (241806) (cmccormack@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

Attorneys for Defendants
NVIDIA CORPORATION, JENSEN HUANG,
COLETTE M. KRESS, and JEFF FISHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re NVIDIA CORPORATION SECURITIES LITIGATION<br><br>———————————<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:18-cv-07669-HSG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Date:         October 31, 2019<br>Time:        2:00 p.m.<br>Judge:       Hon. Haywood S. Gilliam, Jr.<br>Courtroom:  2 |

# TABLE OF CONTENTS

**Page**

I.    THE COURT SHOULD DEEM THE DOCUMENTS PLAINTIFFS REFER TO AND RELY UPON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT ................................................................................................ 1

II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF ALL DOCUMENTS SUBMITTED BY DEFENDANTS ...................................................................... 7

III.  CHART OF DOCUMENTS SUBJECT TO THIS REQUEST ............................. 16

IV.   CONCLUSION ...................................................................................................... 18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Azar v. Yelp, Inc.*,
5  No. 18-cv-00400-EMC, 2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ..................................12, 14

6  *Azul Pacifico, Inc. v. City of Los Angeles*,
7  948 F.2d 575 (9th Cir. 1991) .................................................................................................16

8  *Carmel v. Mizuho Bank, Ltd.*,
  No. LA CV18-02483 JAK(Ex), 2018 WL 6981840 (C.D. Cal. Nov. 13, 2018) ...................9

9  *Carson v. Experian Info. Sols., Inc.*,
10  No. 8:17-cv-02232-JVS-KES, 2019 WL 3073993 (C.D. Cal. July 9, 2019) .........................9

11  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  856 F.3d 605 (9th Cir. 2017) .................................................................................................13
12

13  *Costabile v. Natus Med. Inc.*,
  No. 17-CV-00458-JSW, 2018 WL 7134363 ........................................................................13

14  *Daubert v. Merrell Dow Pharm., Inc.*,
15  509 U.S. 579 (1993)................................................................................................................16

16  *Doyun Kim v. Advanced Micro Devices, Inc.*,
  No. 5:18-CV-00321-EJD, 2019 WL 2232545 (N.D. Cal. May 23, 2019) ...........................14
17

18  *In re Edward D. Jones & Co., L.P. Sec. Litig.*,
  No. 2:18-cv-00714-JAM-AC, 2019 WL 2994486 (E.D. Cal. July 9, 2019) ........................9

19  *Glob. Apogee v. Sugarfina, Inc.*,
20  No. CV 18-5162-RSWL-E, 2018 WL 4945305 (C.D. Cal. Oct. 10, 2018) ..........................9

21  *Heliotrope General, Inc. v. Ford Motor Co.*,
  189 F.3d 971 (9th Cir. 1999) ...........................................................................................9, 14
22

23  *In re Infonet Servs. Corp. Sec. Litig.*,
  310 F. Supp. 2d 1106 (C.D. Cal. 2003) ................................................................................14

24  *In re Intel Corp. Sec. Litig.*,
25  No. 18-cv-00507-YGR, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019).................................7

26  *Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .........................................................................................1, 2, 3, 8
27

28  *Oaktree Principal Fund V, L.P. v. Warburg Pincus LLC*,
  No. CV 15-8574 PSG (MRWx), 2018 WL 6137169 (C.D. Cal. Aug. 29, 2018)..................9

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
   No. CV 13-08440 MMM SHx, 2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ...........................6

6

7

*Park v. GoPro, Inc.*,
   No. 18-cv-00193-EMC, 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) .........................................3

8

*In re PetroChina Co. Ltd. Sec. Litig.*,
   120 F. Supp. 3d 340 (S.D.N.Y. 2015).........................................................................................7

9

10

*Prodanova v. H.C. Wainwright & Co., LLC*,
   No. LA CV17-07926 JAK (ASx), 2018 WL 8017791 (C.D. Cal. Dec. 11, 2018)...............8, 9, 14

11

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   No. C 18-02902 WHA, 2019 WL 2491935 (N.D. Cal. June 14, 2019)........................................14

12

13

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) .....................................................................................................2

14

15

*In re SunPower Corp. Sec. Litig.*,
   No. 16-cv-04710-RS, 2018 WL 4904904 (N.D. Cal. Oct. 9, 2018).................................................5

16

17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007).....................................................................................................................1

18

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .....................................................................................................1

19

20

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) .....................................................................................................9

21

*Wochos v. Tesla, Inc.*,
   No. 17-cv-05828-CRB, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019)....................................7, 9

22

**Other Authorities**

23

Federal Rule of Evidence 201....................................................................................................1, 7, 16

24

25

26

27

28

Cooley LLP
Attorneys At Law
Palo Alto

iii.

**Defendants' Request for Judicial Notice
Case No. 4:18-cv-7669-HSG**

NVIDIA Corporation, Jensen Huang, Colette Kress, and Jeff Fisher ("Defendants") ask the Court to consider 33 documents in support of their Motion to Dismiss the Consolidated Class Action Complaint (the "Motion" and the "Complaint"), which are attached as Exhibits A – GG of the Declaration of Samantha A. Kirby. Most of those 33 documents—25 of them—are referenced so frequently in the Complaint that they are properly deemed incorporated in it by reference. Separately and independently, *all* of those 33 documents are judicially noticeable under Federal Rule of Evidence 201. To put Defendants' request in perspective, it should be noted that Plaintiffs' own Complaint refers to and relies upon no fewer than 61 separate documents; in making their Motion, Defendants ask the Court to consider only about half of that number.

The Court's consideration of these documents is crucial to its evaluation of Plaintiffs' Complaint. Some of these documents supply critical context for Defendants' challenged statements that is omitted from the Complaint. Others demonstrate what information Defendants disclosed to the market during the proposed class period, and others yet show how the market understood NVIDIA's disclosures. Consideration of these documents for any of these purposes is appropriate under both the incorporation by reference and judicial notice doctrines. A chart tracking the documents subject to this request and the bases for considering them follows at the end of the brief, and the exhibits attached to the Declaration of Samantha A. Kirby have been highlighted to show what portions of them Defendants ask the Court to consider.

## I.   THE COURT SHOULD DEEM THE DOCUMENTS PLAINTIFFS REFER TO AND RELY UPON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT

Documents are deemed incorporated into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Supreme Court has accordingly emphasized the importance of considering such documents in deciding motions to dismiss in securities class actions. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well

as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). "[A] court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (internal punctuation omitted).

Plaintiffs cite to and rely upon 25 of the documents Defendants ask the Court to consider in deciding the Motion to Dismiss.[1] They fall into the following categories:

1. Documents containing Defendants' statements that Plaintiffs allege were false and/or constituted corrective disclosures – Exhibits A, C, D, G, H, J, M, N, O, T, X, Y, AA, and BB;

2. Research reports published by securities and financial analysts at investment firms – Exhibits E, F, K, L, Q, R, S, and EE;

3. A Statement of Changes in Beneficial Ownership on Form 4, filed with the SEC on September 8, 2017 – Exhibit I;

4. A list of NVIDIA's historical stock trading prices during the proposed class period – Exhibit GG;

5. A list of the historical trading prices of the cryptocurrency Ether during the proposed class period, as well as during the three months immediately preceding and following that period – Exhibit FF.

**Documents Containing Alleged False Statements or Corrective Disclosures.** Plaintiffs allege that 14 documents contain false statements and/or corrective disclosures by Defendants. All 14

---

[1] Further, it bears note that Plaintiffs state in the second (unnumbered) paragraph of their Complaint that, "Lead Plaintiffs' information and belief are based on the ongoing independent investigation of their undersigned counsel. This investigation includes review and analysis of, among other things: (i) NVIDIA's public filings with the U.S. Securities and Exchange Commission ("SEC"); (ii) research reports by securities and financial analysts; (iii) videos and transcripts of NVIDIA's conference calls with analysts and investors; (iv) Company presentations, press releases, and reports; (v) news and media reports concerning NVIDIA and other facts related to this action; (vi) price and volume data for NVIDIA securities . . ." With the exception of Ex. FF, *every document* that NVIDIA asks the Court to find incorporated by reference falls into these categories. When documents are relied on by a Complaint, they are incorporated into it by reference, and Plaintiffs should be taken at their word when they say their Complaint is "based on" these categories of documents. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (SEC filings incorporated by reference in part because complaint "states that her allegations are based in part on a review of SGI's SEC filings").

of these documents are properly deemed incorporated into the Complaint by reference. *See, e.g.,*
*Khoja*, 899 F.3d at 1005 (documents containing alleged false statements and corrective disclosures
incorporated by reference); *Park v. GoPro, Inc.*, No. 18-cv-00193-EMC, 2019 WL 1231175, at *6
(N.D. Cal. Mar. 15, 2019) (same). They are:

- Ex. A, a published transcript of NVIDIA's Analyst/Investor Day Presentation held on May 10, 2017. In paragraphs 36, 74, 104, and 149 of the Complaint, Plaintiffs allege that Ex. A contains a false or misleading statement. Defendants offer Ex. A so that the Court has the full context for the statement. *See* Motion at 22, 23.

- Ex. C, a published transcript of an earnings call held by NVIDIA on August 10, 2017 regarding the second quarter of its fiscal year 2018. In paragraphs 34, 77, 150, 151, and 180 of the Complaint, Plaintiffs allege that Ex. C contains false or misleading statements. Defendants offer Ex. C so that the Court has the full context for those statements, and to show what information NVIDIA disclosed to the public on that day. *See* Motion at 7, 8, 23, 25.

- Ex. D, an article published by *VentureBeat* on August 12, 2017 that contains an "edited transcript" of *VentureBeat*'s interview of NVIDIA CEO Huang. In paragraphs 77, 152, and 153 of the Complaint, Plaintiffs allege that Ex. D contains false or misleading statements. Defendants offer Ex. D so that the Court has the full context for those statements. *See* Motion at 8, 23.

- Ex. G, NVIDIA's quarterly report on Form 10-Q for the second quarter of its fiscal year 2018, filed with the SEC on August 23, 2017. In paragraphs 154 and 155 of the Complaint, Plaintiffs allege that Ex. G contains a false or misleading statement. Defendants offer Ex. G so that the Court has the full context for the statement. *See* Motion at 24.

- Ex. H, a published transcript of NVIDIA's presentation from a conference hosted by Citigroup Global Markets Inc. on September 6, 2017. In paragraphs 69, 156, 157, and 181 of the Complaint, Plaintiffs allege that Ex. H contains a false or misleading statement. Defendants offer Ex. H so that the Court has the full context for the statement, and to show what information NVIDIA disclosed to the public on that day. *See* Motion at 8, 25.

- Ex. J, a published transcript of an earnings call held by NVIDIA on November 9, 2017 regarding the third quarter of its fiscal year 2018. In paragraphs 69, 158, and 159 of the Complaint, Plaintiffs allege that Ex. J contains a false or misleading statement. Defendants offer Ex. J so that the Court has the full context for the statement and to show what information NVIDIA disclosed to the public on that day. *See* Motion at 9, 26, 33.

- Ex. M, an article published by *VentureBeat* on November 10, 2017 that contains an "edited transcript" of *VentureBeat*'s interview of NVIDIA CEO Huang. In paragraphs 15, 70, 77, 160, and 161 of the Complaint, Plaintiffs allege that Ex. M contains a false or misleading statement. Defendants offer Ex. M so that the Court has the full context for the statement and to show what information NVIDIA disclosed to the public on that day. *See* Motion at 9, 26.

- Ex. N, NVIDIA's quarterly report on Form 10-Q for the third quarter of its fiscal year 2018, filed with the SEC on November 21, 2017. In paragraphs 162 and 163 of the Complaint, Plaintiffs allege that Ex. N contains a false or misleading statement. Defendants offer Ex. N so that the Court has the full context for the statement. *See* Motion at 24.

- Ex. O, a published transcript of NVIDIA's presentation from a conference hosted by Credit Suisse AG on November 29, 2017. In paragraphs 15, 78, 164, 165, and 183 of the Complaint, Plaintiffs allege that Ex. O contains false or misleading statements. Defendants offer Ex. O so that the Court has the full context for those statements, to show what information NVIDIA disclosed to the public on that day, and for the fact that managing demand from cryptocurrency miners posed a challenge for NVIDIA. *See* Motion at 6, 9, 27.

- Ex. T, an article published by *Barron's* on February 9, 2018 that quotes a portion of an interview of NVIDIA CEO Huang. In paragraphs 71, 166, and 167 of the Complaint, Plaintiffs allege that Ex. T contains a false or misleading statement. Defendants offer Ex. T so that the Court has the full context for the statement. *See* Motion at 10, 28.

- Ex. X, an article published by *TechCrunch* on March 26, 2018 that paraphrases a portion of an interview of NVIDIA CEO Huang. In paragraphs 168 and 169 of the Complaint, Plaintiffs allege that Ex. X contains a false or misleading statement. Defendants offer Ex. X so that the Court has the full context for the statement. *See* Motion at 11, 28, 29.

- Ex. Y, a transcript of an interview of NVIDIA CEO Huang aired during the March 29, 2018 episode of the television program *Mad Money*. This transcript was prepared by Transperfect Legal Solutions on June 24, 2019. In paragraphs 72, 170, and 171 of the Complaint, Plaintiffs allege that Ex. Y contains false or misleading statements. Defendants offer Ex. Y so that the Court has the full context for those statements. *See* Motion at 28, 29.

- Ex. AA, a published transcript of an earnings call held by NVIDIA on August 16, 2018 regarding the second quarter of its fiscal year 2019. In paragraphs 21, 128, 131, 172, 173, and 180 of the Complaint, Plaintiffs allege that Ex. AA contains false or misleading statements as well as a corrective disclosure. Defendants offer Ex. AA so that the Court has the full context for those statements and a full view of the information that was disclosed to the market on that day, and for the fact that an end user could use a GPU to both play video games and mine cryptocurrency. *See* Motion at 12, 13, 21, 29, 33.

- Ex. BB, a published transcript of an earnings call held by NVIDIA on November 15, 2018 regarding the third quarter of its fiscal year 2019. In paragraphs 22, 133, 134, 136, 137, and 138 of the Complaint, Plaintiffs allege that Ex. BB contains a corrective disclosure. Defendants offer Ex. BB so that the Court has a full view of the information that was released to the market on that day, and for certain uncontested background facts about NVIDIA's business. *See* Motion at 5, 13, 14, 17.

**Analyst Reports.** Plaintiffs explicitly state that their Complaint relies on "research reports by securities and financial analysts," (AC p. 1), and their Complaint refers to *17* such specific analyst reports. (AC ¶¶ 23, 73, 75, 79, 132, 139, 140, 141, 142). In particular, Plaintiffs repeatedly refer to

and rely upon analyst reports when making allegations about how the market understood the statements made by Defendants that Plaintiffs claims were false or misleading, (AC ¶¶ 73, 75, 79, 132), and to support an allegation that analysts did not attempt to estimate NVIDIA's quarterly or total cryptocurrency-driven revenue until after the proposed class period, (AC ¶ 118). Defendants therefore ask that the Court deem eight analyst reports incorporated into the Complaint by reference. *See In re SunPower Corp. Sec. Litig.*, No. 16-cv-04710-RS, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (documents forming basis of plaintiffs' allegations incorporated by reference).  These reports, which demonstrate that the market was aware that cryptocurrency miners were purchasing NVIDIA GPUs and that analysts regularly attempted to estimate revenue driven by such purchases during the proposed class period, are:

- Ex. E, an analyst report published by Cannacord Genuity Group, Inc. dated August 13, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "[i]n addition to strong gaming sales, we believe new cryptocurrency demand added up to $250M to the topline ($150M in OEM revenue and another bit of upside in GeForce)." *See* Motion at 8. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Cannacord Genuity said what the report says.

- Ex. F, an analyst report published by Argus Research Company dated August 14, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that "GPU sales were lifted by increased demand from mining [] Ethereum. The market is served both with a specialized board and via GeForce GTX boards." *See* Motion at 8. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Argus said what the report says.

- Ex. K, an analyst report published by Deutsche Bank Securities Inc. dated November 9, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we estimate that crypto also benefited Gaming revs by ~$100-150m." *See* Motion at 9. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Deutsche Bank said what the report says.

- Ex. L, an analyst report published by Citigroup Global Markets Inc. dated November 10, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "[w]e estimate NVDA saw ~5% or $140M cryptocurrency sales in Oct-Q or down from ~11% or $250M (OEM + gaming) in the Jul-Q." *See* Motion at 9. Defendants do not ask the Court to assume the truth of any of the facts in the

Cooley LLP
Attorneys At Law
Palo Alto

report, only to note that Citigroup said what the report says.

- Ex. Q, an analyst report published by Deutsche Bank Securities Inc. dated February 8, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "DBe Gaming crypto revs ~$300m." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Deutsche Bank said what the report says.

- Ex. R, an analyst report published by Morgan Stanley Smith Barney LLC dated February 9, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we would estimate that there is north of $200 mm of GeForce sales that are now sold into cryptocurrency—but that's just an estimate at this point." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Morgan Stanley said what the report says.

- Ex. S, an analyst report published by Susquehanna Financial Group, LLLP dated February 9, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we believe the vast majority of Gaming upside came from Ethereum-related GPU sales (we note $400M of these sales in 4Q17." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Susquehanna Financial Group said what the report says.

- Ex. EE, an analyst report published by RBC Capital Markets, LLC dated January 30, 2019. In paragraphs 24, 25, 119, 120, 122, and 126 of the Complaint, Plaintiffs refer to Ex. EE to attempt to support their allegations that Defendants made false or misleading statements. Defendants offer the report for the limited purpose of showing that RBC attempted to estimate NVIDIA's cryptocurrency-related revenue, and that its estimates vary wildly from the estimates attributed in the Complaint to Plaintiffs' retained expert. *See* Motion at 22. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that RBC said what the report says.

**Form 4.** Ex. I is a Statement of Changes in Beneficial Ownership on Form 4, filed with the SEC on behalf of NVIDIA CEO Huang on September 8, 2017. In paragraph 186 of the Complaint, Plaintiffs allege that Huang's September 6, 2017 sale of 110,000 shares of NVIDIA common stock, reported on that Form 4, demonstrates Huang's scienter. Defendants offer Ex. I for the limited purpose of showing that Huang held 22,570,398 shares of NVIDIA prior to that sale, and that the sale thus constituted less than one-half of one percent of his holdings. *See Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, No. CV 13-08440 MMM SHx, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (collecting cases for the proposition that when a complaint refers to stock sales and has gleaned that

information from a Form 4, the Form 4 is incorporated by reference); Motion at 33.

**NVIDIA's Historical Stock Trading Prices.** Ex. GG is a chart of the daily historical trading prices of NVIDIA common stock from May 10, 2017 through November 14, 2018, as reported by Yahoo Finance. In paragraphs 21, 23, 129, 130, 143, 144, 145, 146, 185, 186, 189, 205, and 206 of the Complaint, Plaintiffs cite the historical stock prices of NVIDIA for various purposes, and the prices are therefore integral to, and properly deemed incorporated by reference into, the Complaint. *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (stock price data incorporated by reference). Defendants offer Ex. GG for the limited purpose of showing that NVIDIA's peak stock closing price during the proposed class period, reached on October 1, 2018, was $289.36. *See* Motion at 34.

**Ether's Historical Trading Prices.** Ex. FF is a chart of the daily historical trading prices of Ether, a cryptocurrency on the Ethereum network, from February 10, 2017 until February 14, 2019, as reported by Yahoo Finance. In paragraphs 9, 12, 20, 60, 64, 65, and 66 of the Complaint, Plaintiffs cite the historical prices of Ether for various purposes, and the prices are therefore integral to, and properly deemed incorporated by reference into, the Complaint for the same reason NVIDIA's historical stock trading prices are. Defendants offer Ex. FF for the limited purpose of showing the volatility of the price of Ether during and around the proposed class period. *See* Motion at 6, 8, 10, 12.[2]

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF ALL DOCUMENTS SUBMITTED BY DEFENDANTS

Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts routinely judicially notice documents in deciding motions to dismiss, especially in securities fraud cases. *See, e.g., In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019). In particular, they frequently take judicial notice of documents either for the "purpose of determining what representations [a defendant] made to the market," *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2019

---

[2] At page 6, the Motion also contains a graph of the price of Ether generated using the data from Ex. FF.

WL 1332395, at *1 (N.D. Cal. Mar. 25, 2019), or to identify what information "the market was aware of." *Prodanova v. H.C. Wainwright & Co., LLC*, No. LA CV17-07926 JAK (ASx), 2018 WL 8017791, at *3 (C.D. Cal. Dec. 11, 2018).

The documents and facts that Defendants ask the Court to judicially notice fall into the following categories:

1.  Transcripts of earnings calls, interviews, and corporate presentations by NVIDIA or its executives – Exhibits A, C, D, H, J, M, O, P, T, U, V, X, Y, Z, AA, BB, and CC;

2.  NVIDIA's public filings with the SEC– Exhibits B, G, I, N, W, and DD;

3.  A list of NVIDIA's historical stock trading prices during the proposed class period – Exhibit GG;

4.  A list of the historical trading prices of the cryptocurrency Ether during the proposed class period, as well as during the three months immediately preceding and following that period – Exhibit FF;

5.  Research reports published by securities and financial analysts at investment firms – Exhibits E, F, K, L, Q, R, S, and EE;

6.  The economic law of supply and demand.

Judicial notice of each document submitted by Defendants is appropriate for the purposes of identifying what representations Defendants made to the market and what information the market was aware of. Critically, doing so does not require a court to determine whether what was said in any such document was true; it only requires a court to determine that it was said, and that the fact that it was said is not subject to reasonable dispute. While *Khoja* noted two limitations of the judicial notice doctrine—1) "a court cannot take judicial notice of disputed facts contained in such public records," and 2) "[a] court must also consider—and identify—which fact or facts it is noticing from such a transcript,"—it did not expand or alter those limitations. 899 F.3d at 999 (emphasis added). Accordingly, district courts in the Ninth Circuit routinely hold, post-*Khoja*, that judicial notice is appropriate to determine what representations the defendant made to the market or what information was available in the marketplace. For example:

- In *Glob. Apogee v. Sugarfina, Inc.*, No. CV 18-5162-RSWL-E, 2018 WL 4945305, at *2 (C.D. Cal. Oct. 10, 2018), the court found that judicial notice of various news articles was appropriate for the purpose of "showing what information was in the public realm at that time."

- In *In re Edward D. Jones & Co., L.P. Sec. Litig.*, No. 2:18-cv-00714-JAM-AC, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019), the court took judicial notice of defendants' "public comments and reports" for "the limited purpose of determining what information was disclosed to the public during the class period."

- In *Oaktree Principal Fund V, L.P. v. Warburg Pincus LLC*, No. CV 15-8574 PSG (MRWx), 2018 WL 6137169, at *7–8 (C.D. Cal. Aug. 29, 2018), *quoting Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), the court held that, "[w]hen it comes to news reports, courts may take judicial notice of them to 'indicate what was in the public realm at the time'" but not as evidence that "the contents of those articles were in fact true."

- In *Wochos*, 2019 WL 1332395, at *2, the court took judicial notice of "documents that Tesla filed with the United States Securities and Exchange Commission [and] earnings conference call transcripts . . . for the sole purpose of determining what representations Tesla made to the market."

- In *Carmel v. Mizuho Bank, Ltd.*, No. LA CV18-02483 JAK(Ex), 2018 WL 6981840, at *2 (C.D. Cal. Nov. 13, 2018), the court took judicial notice of "news articles" for the purpose of determining "what was in the public realm at the time."

- In *Prodanova*, 2018 WL 8017791, at *3, *quoting Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), the court took judicial notice of various news articles because, "[i]t is appropriate to 'take judicial notice that the market was aware of the information in news articles submitted by the defendants.'"

- Finally, in *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KES, 2019 WL 3073993, at *2 (C.D. Cal. July 9, 2019), the court held that, "[a] Court may take judicial notice of publications to indicate what was in the public realm at the time."

**Transcripts of Earnings Calls, Interviews, and Corporate Presentations by NVIDIA or Its Executives.** With minor exceptions identified below, Defendants do not ask that the Court take judicial notice of transcripts of NVIDIA's earnings calls, interviews, and corporate presentations for their truth. Defendants instead ask that the Court take judicial notice of these documents for "the limited purpose of determining what information was disclosed to the public during the class period," *In re Edward D. Jones*, 2019 WL 2994486, at *3, including the context for statements that Plaintiffs allege to have been false or misleading. As the above cases show, such judicial notice is routine and uncontroversial. To the extremely limited extent NVIDIA does ask the Court to consider the

documents for their truth, they are either incorporated by reference (as discussed above) or offered solely for uncontested background facts about NVIDIA's business. The transcripts of earnings calls, interviews, and corporate presentations Defendants ask the Court to judicially notice are:

- Ex. A, a published transcript of NVIDIA's Analyst/Investor Day Presentation held on May 10, 2017. In paragraphs 36, 74, 104, and 149 of the Complaint, Plaintiffs allege that Ex. A contains a false or misleading statement. Defendants offer Ex. A so that the Court has the full context for the statement. *See* Motion at 22, 23. As noted above, Ex. A is also incorporated into the Complaint by reference.

- Ex. C, a published transcript of an earnings call held by NVIDIA on August 10, 2017 regarding the second quarter of its fiscal year 2018. In paragraphs 34, 77, 150, 151, and 180 of the Complaint, Plaintiffs allege that Ex. C contains false or misleading statements. Defendants offer Ex. C so that the Court has the full context for those statements, and to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 7, 8, 23, 25. As noted above, Ex. C is also incorporated into the Complaint by reference.

- Ex. D, an article published by *VentureBeat* on August 12, 2017 that contains an "edited transcript" of *VentureBeat*'s interview of NVIDIA CEO Huang. In paragraphs 77, 152, and 153 of the Complaint, Plaintiffs allege that Ex. D contains false or misleading statements. Defendants offer Ex. D so that the Court has the full context for those statements. *See* Motion at 8, 23. As noted above, Ex. D is also incorporated into the Complaint by reference.

- Ex. H, a published transcript of NVIDIA's presentation from a conference hosted by Citigroup Global Markets Inc. on September 6, 2017. In paragraphs 69, 156, 157, and 181 of the Complaint, Plaintiffs allege that Ex. H contains a false or misleading statement. Defendants offer Ex. H so that the Court has the full context for the statement and to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 8, 25. As noted above, Ex. H is also incorporated into the Complaint by reference.

- Ex. J, a published transcript of an earnings call held by NVIDIA on November 9, 2017 regarding the third quarter of its fiscal year 2018. In paragraphs 69, 158, and 159 of the Complaint, Plaintiffs allege that Ex. J contains a false or misleading statement. Defendants offer Ex. J so that the Court has the full context for the statement and to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 9, 26, 33. As noted above, Ex. J is also incorporated into the Complaint by reference.

- Ex. M, an article published by *VentureBeat* on November 10, 2017 that contains an "edited transcript" of *VentureBeat*'s interview of NVIDIA CEO Huang. In paragraphs 15, 70, 77, 160, and 161 of the Complaint, Plaintiffs allege that Ex. M contains a false or misleading statement. Defendants offer Ex. M so that the Court has the full context for the statement and to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 9, 26. As noted above, Ex. M is also incorporated into the Complaint by reference.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:18-CV-7669-HSG

- Ex. O, a published transcript of NVIDIA's presentation from a conference hosted by Credit Suisse AG on November 29, 2017. In paragraphs 15, 78, 164, 165, and 183 of the Complaint, Plaintiffs allege that Ex. O contains false or misleading statements. Defendants offer Ex. O so that the Court has the full context for those statements and to show what information NVIDIA disclosed to the public on that day, but not generally for the truth of that information. See Motion at 6, 9, 27. As noted above, Ex. O is also incorporated into the Complaint by reference, and Defendants offer the fact that cryptocurrency posed a challenge for NVIDIA for its truth. *Id.*

- Ex. P, a published transcript of an earnings call held by NVIDIA on February 8, 2018 regarding the fourth quarter of its fiscal year 2018. Defendants offer Ex. P to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information, except for certain uncontested background facts about NVIDIA's business. *See* Motion at 5, 10, 11, 17, 28, 33.

- Ex. T, an article published by *Barron's* on February 9, 2018 that quotes a portion of an interview with NVIDIA CEO Huang. In paragraphs 71, 166, and 167 of the Complaint, Plaintiffs allege that Ex. T contains a false or misleading statement. Defendants offer Ex. T so that the Court has the full context for the statement. *See* Motion at 10, 28. As noted above, Ex. T is also incorporated into the Complaint by reference.

- Ex. U, a published transcript of NVIDIA's presentation from a conference hosted by Goldman Sachs Group Inc. on February 13, 2018. Defendants offer Ex. U to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 10, 21.

- Ex. V, a published transcript of NVIDIA's presentation from a conference hosted by Morgan Stanley Smith Barney LLC on February 26, 2018. Defendants offer Ex. V to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 5, 11.

- Ex. X, an article published by *TechCrunch* on March 26, 2018 that paraphrases a portion of an interview with NVIDIA CEO Huang. In paragraphs 168 and 169 of the Complaint, Plaintiffs allege that Ex. X contains a false or misleading statement. Defendants offer Ex. X so that the Court has the full context for the statement. *See* Motion at 11, 28, 29. As noted above, Ex. X is also incorporated into the Complaint by reference.

- Ex. Y, a transcript of an interview of NVIDIA CEO Huang aired during the March 29, 2018 episode of the television program *Mad Money*. This transcript was prepared by Transperfect Legal Solutions on June 24, 2019. In paragraphs 72, 170, and 171 of the Complaint, Plaintiffs allege that Ex. Y contains false or misleading statements. Defendants offer Ex. Y so that the Court has the full context for those statements. *See* Motion at 28, 29. As noted above, Ex. Y is also incorporated into the Complaint by reference.

- Ex. Z, a published transcript of an earnings call held by NVIDIA on May 10, 2018 regarding the first quarter of its fiscal year 2019. Defendants offer Ex. Z to show what information NVIDIA disclosed to the public on that day, but generally not for the truth of that information,

except for certain uncontested background facts about NVIDIA's business. *See* Motion at 5, 12, 17.

- Ex. AA, a published transcript of an earnings call held by NVIDIA on August 16, 2018 regarding the second quarter of its fiscal 2019. In paragraphs 21, 128, 131, 172, 173, and 180 of the Complaint, Plaintiffs allege that Ex. AA contains false or misleading statements as well as a corrective disclosure. Defendants offer Ex. AA so that the Court has the full context for those statements and a full view of what information was released to the market on that day, but generally not for the truth of that information, except for the fact that an end user could use a GPU to both play video games and mine cryptocurrency. *See* Motion at 12, 13, 21, 29, 33. As noted above, Ex. AA is also incorporated into the Complaint by reference.

- Ex. BB, a published transcript of an earnings call held by NVIDIA on November 15, 2018 regarding the third quarter of its fiscal year 2019. In paragraphs 22, 133, 134, 136, 137, and 138 of the Complaint, Plaintiffs allege that Ex. BB contains a corrective disclosure. Defendants offer Ex. BB so that the Court has a full view of the information that was released to the market on that day, but generally not for the truth of that information, except for certain uncontested background facts about NVIDIA's business. *See* Motion at 5, 13, 14, 17.

- Ex. CC, a press release published by NVIDIA on November 15, 2018 regarding the Company's reported earnings for the third quarter of its fiscal year 2019. Defendants offer Ex. CC to show what information NVIDIA disclosed to the public on that day, but not for the truth of that information. *See* Motion at 14.

**NVIDIA's Public Filings With the SEC.** With limited exceptions, Defendants ask that the Court take judicial notice of NVIDIA's public SEC filings for the same purposes, and that judicial notice is likewise routine and uncontroversial. The only instances where Defendants seek to bring in public filings for their truth (other than uncontested background facts about NVIDIA's business) are: 1) Ex. I, a Form 4 showing Defendant Huang's total ownership of NVIDIA stock, which reveals that his stock sale represented less than one-half of one percent of his holdings; and 2) Exs. B and DD, NVIDIA quarterly reports on Form 10-Qs showing that NVIDIA repurchased ten million shares of its own stock during the class period, negating an inference of scienter. In a post-*Khoja* decision, Judge Chen analyzed in detail the question of whether such a Form 4 should be judicially noticed for its truth, and he concluded that it should be. *Azar v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action.").[3] The same logic applies to the Form 10-Qs—they should be judicially noticed for their truth

---

[3] The Court could alternatively either find that the document was incorporated by reference, *see supra*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:18-CV-7669-HSG

to the extent they show NVIDIA's stock repurchase program, which is relevant to whether Plaintiffs have pleaded the requisite strong inference of scienter. *See also Costabile v. Natus Med. Inc.*, No. 17-CV-00458-JSW, 2018 WL 7134363, at *5 n.2 and n.5 (N.D. Cal. Dec. 18, 2018) (holding, after judicially noticing SEC filings, that "stock repurchase programs, such as Natus's, negate a finding of scienter"). The public filings by NVIDIA with the SEC that Defendants ask the Court to judicially notice are:

- Ex. B, NVIDIA's quarterly report on Form 10-Q for the first quarter of its fiscal year 2018, filed with the SEC on May 23, 2017. Defendants offer Ex. B for the fact of NVIDIA's stock repurchase program. *See* Motion at 34.

- Ex. G, NVIDIA's quarterly report on Form 10-Q for the second quarter of its fiscal year 2018, filed with the SEC on August 23, 2017. In paragraphs 154 and 155 of the Complaint, Plaintiffs allege that Ex. G contains a false or misleading statement. Defendants offer Ex. G so that the Court has the full context for the statement. *See* Motion at 24. As noted above, Ex. G is also incorporated into the Complaint by reference.

- Ex. I, a Statement of Changes in Beneficial Ownership on Form 4 filed with the SEC on behalf of NVIDIA CEO Huang on September 8, 2017. Defendants offer Ex. I for the fact that Huang held 22,570,398 shares of NVIDIA stock prior to the sale reported on that Form 4, and that the sale thus represented less than one-half of one percent of his NVIDIA stockholdings. *See* Motion at 33.

- Ex. N, NVIDIA's quarterly report on Form 10-Q for the third quarter of its fiscal year 2018, filed with the SEC on November 21, 2017. In paragraphs 162 and 163 of the Complaint, Plaintiffs allege that Ex. N contains a false or misleading statement. Defendants offer Ex. N so that the Court has the full context for the statement. *See* Motion at 24. As noted above, Ex. N is also incorporated into the Complaint by reference.

- Ex. W, NVIDIA's annual report on Form 10-K for its fiscal year 2018, filed with the SEC on February 28, 2018. Defendants offer Ex. W to show what information NVIDIA disclosed to the public on that day, but generally not for the truth of that information, except for certain uncontested background facts about NVIDIA's business. *See* Motion at 4, 5, 7, 11, 33.

- Ex. DD, NVIDIA's quarterly report on Form 10-Q for the third quarter of its fiscal year 2019, filed with the SEC on November 15, 2018. Defendants offer Ex. DD for the fact of NVIDIA's stock repurchase program. *See* Motion at 34.

**NVIDIA's Historical Stock Trading Prices.** Ex. GG is a chart of the daily historical trading prices of NVIDIA stock from May 10, 2017 until November 14, 2018, as reported by Yahoo Finance.

---

at 6, or that Plaintiffs' failure to allege the magnitude of the sale in the context of Huang's total stock ownership means that the stock-sale allegation should be disregarded altogether. *Cf. City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 621 (9th Cir. 2017) (failure "to allege the precise amount of shares sold, the timing of these sales, and the prior trading history for either individual" defeats inference of scienter for stock sale).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:18-CV-7669-HSG

Judicial notice of historical stock prices is regularly taken in securities fraud cases. *See, e.g., SEB Inv. Mgmt. AB v. Symantec Corp*., No. C 18-02902 WHA, 2019 WL 2491935, at *11 (N.D. Cal. June 14, 2019); *Doyun Kim v. Advanced Micro Devices, Inc*., No. 5:18-CV-00321-EJD, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019); *Azar*, 2018 WL 6182756, at *4. As noted above, Ex. GG is also incorporated into the Complaint by reference.

**Ether's Historical Trading Prices.** Ex. FF is a chart of the daily historical trading prices of Ether, a cryptocurrency on the Ethereum network, from February 10, 2017 until February 14, 2019, as reported by Yahoo Finance. Judicial notice of this information is appropriate for the same reason judicial notice of NVIDIA's stock price information is. As noted above, Ex. FF is also incorporated into the Complaint by reference.

**Analyst Reports.** Defendants ask the Court to take judicial notice of eight analyst reports. Defendants do not ask the Court to take judicial notice that any of the facts in any of these analyst reports are true. Instead, Defendants simply ask that the Court take judicial notice of the analyst reports for the limited purpose of determining "'that the market was aware'" that cryptocurrency miners were purchasing GeForce GPUs, and the above-cited cases show that the Court may judicially notice them for that purpose. *See, e.g., Prodanova*, 2018 WL 8017791, at *3 *quoting Heliotrope*, 189 F.3d at 981 n.18. Moreover, as noted above, these reports are "comparable in form and content to the numerous reports that Plaintiffs heavily quote in the Complaint" and "[a]s Plaintiffs rely heavily on such analysts' reports to state their claims, they can hardly complain when [Defendants] refer to the same information in their defense." *In re Infonet Servs. Corp. Sec. Litig*., 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003) (judicially noticing analyst reports). The analyst reports Defendants ask the Court to judicially notice are:

- Ex. E, an analyst report published by Cannacord Genuity Group Inc. dated August 13, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "[i]n addition to strong gaming sales, we believe new cryptocurrency demand added up to $250M to the topline ($150M in OEM revenue and another bit of upside in GeForce)." *See* Motion at 8. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Cannacord Genuity said what the report says. As noted above, Ex. E is also incorporated into the Complaint by reference.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:18-CV-7669-HSG

- Ex. F, an analyst report published by Argus Research Company dated August 14, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that "GPU sales were lifted by increased demand from mining [] Ethereum. The market is served both with a specialized board and via GeForce GTX boards." *See* Motion at 8. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Argus said what the report says. As noted above, Ex. F is also incorporated into the Complaint by reference.

- Ex. K, an analyst report published by Deutsche Bank Securities Inc. dated November 9, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we estimate that crypto also benefited Gaming revs by ~$100-150m." *See* Motion at 9. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Deutsche Bank said what the report says. As noted above, Ex. K is also incorporated into the Complaint by reference.

- Ex. L, an analyst report published by Citigroup Global Markets Inc. dated November 10, 2017. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "[w]e estimate NVDA saw ~5% or $140M cryptocurrency sales in Oct-Q or down from ~11% or $250M (OEM + gaming) in the Jul-Q.". *See* Motion at 9. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Citigroup said what the report says. As noted above, Ex. L is also incorporated into the Complaint by reference.

- Ex. Q, an analyst report published by Deutsche Bank Securities Inc. dated February 8, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "DBe Gaming crypto revs ~$300m." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Deutsche Bank said what the report says. As noted above, Ex. Q is also incorporated into the Complaint by reference.

- Ex. R, an analyst report published by Morgan Stanley Smith Barney LLC dated February 9, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we would estimate that there is north of $200 mm of GeForce sales that are now sold into cryptocurrency—but that's just an estimate at this point." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Morgan Stanley said what the report says. As noted above, Ex. R is also incorporated into the Complaint by reference.

- Ex. S, an analyst report published by Susquehanna Financial Group, LLLP dated February 9, 2018. Defendants offer the report for the limited purpose of showing that the market was aware that cryptocurrency miners were purchasing a significant number of GeForce GPUs, as specifically reflected in the report's statement that, "we believe the vast majority of Gaming

upside came from Ethereum-related GPU sales (we note $400M of these sales in 4Q17." *See* Motion at 10, 22, 28. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that Susquehanna Financial Group said what the report says. As noted above, Ex. S is also incorporated into the Complaint by reference.

- Ex. EE, an analyst report published by RBC Capital Markets, LLC dated January 30, 2019. Defendants offer the report for the limited purpose of showing that RBC attempted to estimate NVIDIA's cryptocurrency-related revenue, and that its estimates vary wildly from the estimates attributed in the Complaint to Plaintiffs' own expert. *See* Motion at 22. Defendants do not ask the Court to assume the truth of any of the facts in the report, only to note that RBC said what the report says. As noted above, Ex. EE is also incorporated into the Complaint by reference.

**Economic Theory.** "[T]heories that are so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, properly are subject to judicial notice under Federal Rule of Evidence 201." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 n.11 (1993). Defendants therefore ask the Court to take judicial notice of the economic law of supply and demand. *Cf. Azul Pacifico, Inc. v. City of Los Angeles*, 948 F.2d 575, 582 (9th Cir. 1991) (referring to "the law of supply and demand"). In particular, Defendants ask the Court to judicially notice that when supply increases and all other things remain equal, the cost of each unit will decrease.

## III.   CHART OF DOCUMENTS SUBJECT TO THIS REQUEST[4]

| Ex. | Date | Description | Basis | ¶¶ |
|-----|------|-------------|-------|-----|
| A | 5/10/2017 | NVIDIA Analyst/Investor Day Presentation | JN; IBR | 36, 74, 104, 149 |
| B | 5/23/2017 | NVIDIA Form 10-Q—1Q 2018 | JN | -- |
| C | 8/10/2017 | NVIDIA Earnings Call—2Q 2018 | JN; IBR | 34, 77, 150, 151, 180 |
| D | 8/12/2017 | *VentureBeat* Article | JN; IBR | 77, 152, 153 |
| E | 8/13/2017 | Analyst report by Cannacord | JN; IBR | -- |
| F | 8/14/2017 | Analyst report by Argus | JN; IBR | -- |
| G | 8/23/2017 | NVIDIA Form 10-Q—2Q 2018 | JN; IBR | 154, 155 |

---

[4] "**Ex.**" refers to the exhibits to the Declaration of Samantha A. Kirby. "**Basis**" refers to the reason the document should be considered: either incorporated by reference ("**IBR**") or judicially noticed ("**JN**"). "**¶¶**" refers to the paragraphs of the Complaint that cite the document.

Cooley LLP
Attorneys At Law
Palo Alto

16.

Defendants' Request for Judicial Notice
Case No. 4:18-cv-7669-HSG

| H | 9/6/2017 | NVIDIA Presentation—Citigroup Conference | JN; IBR | 69, 156, 157, 181 |
| I | 9/8/2017 | Form 4 | JN; IBR | 186 |
| J | 11/9/2017 | NVIDIA Earnings Call—3Q 2018 | JN; IBR | 69, 158, 159 |
| K | 11/9/2017 | Analyst report by Deutsche Bank | JN; IBR | -- |
| L | 11/10/2017 | Analyst report by Citigroup | JN; IBR | -- |
| M | 11/10/2017 | *VentureBeat* Article | JN; IBR | 15, 70, 77, 160, 161 |
| N | 11/21/2017 | NVIDIA Form 10-Q—3Q 2018 | JN; IBR | 162, 163 |
| O | 11/29/2017 | NVIDIA Presentation—Credit Suisse Conference | JN; IBR | 15, 78, 164, 165, 183 |
| P | 2/8/2018 | NVIDIA Earnings Call—4Q 2018 | JN | -- |
| Q | 2/8/2018 | Analyst report by Deutsche Bank | JN; IBR | -- |
| R | 2/9/2018 | Analyst report by Morgan Stanley | JN; IBR | -- |
| S | 2/9/2018 | Analyst report by SIG Analysis | JN; IBR | -- |
| T | 2/9/2018 | *Barron's* Article | JN; IBR | 71, 166, 167 |
| U | 2/13/2018 | NVIDIA Presentation—Goldman Sachs Conference | JN | -- |
| V | 2/26/2018 | NVIDIA Presentation—Morgan Stanley Conference | JN | 183 |
| W | 2/28/2018 | NVIDIA Form 10-K—2018 | JN | -- |
| X | 3/26/2018 | *TechCrunch* Article | JN; IBR | 168, 169 |
| Y | 3/29/2018 | *Mad Money* Transcript | JN; IBR | 72, 170, 171 |
| Z | 5/10/2018 | NVIDIA Earnings Call—1Q 2019 | JN | -- |
| AA | 8/16/2018 | NVIDIA Earnings Call—2Q 2019 | JN; IBR | 21, 128, 131, 172, 173, 180 |
| BB | 11/15/2018 | NVIDIA Earnings Call—3Q 2019 | JN; IBR | 22, 133, 134, 136, 137, 138 |

| CC | 11/15/2018 | NVIDIA Press Release | JN | -- |
|----|------------|----------------------|-----|-----|
| DD | 11/15/2018 | NVIDIA Form 10-Q—3Q 2019 | JN | -- |
| EE | 1/30/2019 | Analyst report by RBC | JN; IBR | 24, 25, 119, 120, 122, 126 |
| FF | N/A | Ether trading prices from 2/10/2017 through 2/14/2019 | JN; IBR | 9, 12, 20, 60, 64, 65, 66 |
| GG | N/A | NVIDIA stock prices from 5/10/2017 through 11/14/2018 | JN; IBR | 21, 23, 129, 130, 143, 144, 145, 146, 185, 186, 189, 205, 206 |

## IV.     CONCLUSION

For the foregoing reasons, the Court should consider all the Exhibits to the Declaration of Samantha A. Kirby in deciding Defendants' Motion to Dismiss.

Dated:          August 2, 2019                     COOLEY LLP


                                          */s/ John C. Dwyer*
                                          John C. Dwyer (136533)

                                          Attorneys for Defendants NVIDIA Corporation,
                                          Jensen Huang, Colette Kress, and Jeff Fisher

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO