# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE FILED UNDER SEAL

# EXHIBIT A TO DECLARATION OF C. MCCORMACK IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

```
1  COOLEY LLP
   JOHN C. DWYER (136533) (dwyerjc@cooley.com)
2  PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
   SARAH M. LIGHTDALE (4395661) (slightdale@cooley.com)
3  CLAIRE A. MCCORMACK (241806) (cmccormack@cooley.com)
   SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
4  3175 Hanover Street
   Palo Alto, CA  94304-1130
5  Telephone:   (650) 843-5000
   Facsimile:   (650) 849-7400
6
   Attorneys for Defendants
7  NVIDIA CORPORATION, JENSEN
   HUANG, COLETTE KRESS, and JEFF FISHER
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re NVIDIA CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions. | Case No. 4:18-cv-07669-HSG<br><br>**DECLARATION OF ▮▮▮▮▮ IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CERTAIN ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT** |
|---|---|

I, ▮▮▮▮▮▮▮▮▮▮, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration, and if called to testify, I could and would testify competently thereto.

2. I am a former Senior Marketing Manager of Consumer Marketing for NVIDIA Corporation ("NVIDIA" or the "Company").

3. I reviewed the description of "FE 5" in the First Amended Complaint ("FAC") that was filed in this case on May 13, 2020. After reading the description, I believe that I am the former NVIDIA employee identified in the FAC as "FE 5." Indeed, paragraph 37 of the FAC describes FE 5 as: "NVIDIA's Head of Consumer Marketing for South Asia from April 2014 to June 2019" who was "based in Bengaluru, Karnataka, India." That can only be me. I was employed by NVIDIA as the Senior Marketing Manager of Consumer Marketing for South Asia for a little over five years, from April 2014 to June 2019, and was based in Bengaluru, Karnataka, India. I don't believe that Paragraph 37's description applies to anyone else.

4. Some time in approximately March or April of 2020, I had two telephone calls with a number of people who wanted to ask me some questions about my time working at NVIDIA. (I will refer to them here as the "Investigators.") When I spoke with the Investigators, I was in a remote rural location in India, and there was a two- or three-day gap between those calls. The two calls with the Investigators lasted approximately 45 minutes each and both were repeatedly disrupted by connection problems.

5. I have reviewed the statements that the FAC attributes to FE 5. Several of those statements are untrue and inaccurate, and I certainly did not make them to the Investigators.

GeForce Experience

6. Paragraph 105 of the FAC states: **"FE 5 confirmed that the GeForce Experience software informed NVIDIA about how GeForce GPUs were being used, including when they were being used for mining."** This statement is false. I did not and could not have told the Investigators that GeForce Experience ("GFE") data informed NVIDIA when GPUs were being used for mining. I wasn't responsible for analyzing GFE data, but I knew from my time at NVIDIA that GFE is optional software, related only to gaming. GFE provides information about how gamers who opt-in to GFE are using their GeForce cards. But I've never heard of GFE

1 being used for mining in any way.

2     7.    Paragraph 105 of the FAC also states: *"FE 5 stated that NVIDIA knew the percentage of GeForce GPU sales going to miners by examining the GeForce Experience data."* This statement is also false. I didn't say that to the Investigators. I don't see how NVIDIA could have known the percentage of sales going to miners from examining GFE data. As I said above, GFE is optional software that provides data about gaming in the field.

    8.    Paragraph 106 of the FAC states: *"FE 5 stated that the usage data contained in these reports showed that over 60% of GeForce GPU sales during the Class Period were to miners."* This statement is false. I never said that to the Investigators. The statement doesn't make sense to me. I don't know of any GFE reports that could show that any percentage of sales were to miners.

<u>Meeting with Mr. Huang</u>

    9.    Paragraph 37 of the FAC states: *"FE 5 . . . presented GeForce sales data to Huang personally during one of Huang's multiple visits to India."* This statement is false. I attended a meeting with Mr. Huang in 2015 and presented marketing strategies for the India market. But I never presented any GeForce sales data to Mr. Huang.

    10.    Paragraph 91 of the FAC states: *"FE 5 recalled personally presenting sales data to Huang at a meeting in 2017, attended by approximately ten others."* This statement is also false. I didn't say that to the Investigators. I didn't meet with Mr. Huang in 2017. I told them I had met with Mr. Huang only one time, that the meeting took place in *2015*, and that I presented marketing strategy for the India market. I told the Investigators that cryptocurrency was not a topic of discussion at my meeting with Mr. Huang. I never met with Mr. Huang in 2017 or any time after the 2015 meeting.

<u>Sell-in/Sell-out Data</u>

    11.    Paragraph 82 of the FAC states: *"[S]ell-in/sell-out" data recorded sales throughout the distribution chain and allowed NVIDIA to determine the percentage of GeForce GPUs sold to crypto-miners."* This statement is false. I didn't say that to the Investigators, and that's not what sell-in / sell-out data is. Sell-in / sell-out data refers only to NVIDIA's partners/distributors. It doesn't say anything about the end user, so it could not have

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.      DECLARATION ISO DEFENDANTS' MOTION TO
    STRIKE; CASE NOS. 4:18-CV-07669-HSG

told NVIDIA the percentage of GPUs going to crypto miners.  I never would have said such a thing.

12.  Other statements attributed to me in the FAC are also inaccurate and presented misleadingly, but the statements identified above are the key statements.

13.  Plaintiffs never provided me a copy of the FAC or allowed me to read and review for accuracy the statements attributed to me.  If they had, I would have corrected them.

14.  I am disappointed that my statements have been mischaracterized in the FAC.  I am concerned that by putting such untrue statements in the FAC and clearly attributing them to me, as many in the local India market will understand—without even giving me a chance to correct them—Plaintiffs will damage my reputation in the industry.  The attorneys from NVIDIA and from Cooley assured me that I did nothing wrong, and that I have a right to clarify the record if I wish.  They asked only for the truth and assured me that even if I chose to say nothing further, NVIDIA would respect my privacy and not retaliate in any way.

I declare under penalty of perjury under the laws of the United States that foregoing is true and correct. Executed this 25th day of June 2020, in Bengalaru, Karnataka, India.



Cooley LLP
Attorneys At Law
Palo Alto

4.   Declaration ISO Defendants' Motion to Strike; Case Nos. 4:18-cv-07669-HSG