UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRON WORKERS LOCAL 580 JOINT FUNDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-07669-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 155, 162 |

The parties filed two administrative motions to file documents under seal in connection with Defendants' motion to strike. *See* Dkt. Nos. 155, 162. For the reasons articulated below, the Court **GRANTS** the motions.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of

Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.   DISCUSSION

The parties seek to seal portions of documents which pertain to Defendants' motion to strike allegations in Plaintiffs' first amended complaint based on the account of a former employee referred to as FE-5. Because Plaintiffs cite these allegations for the element of scienter, *see e.g.*, Dkt. No. 149 ("FAC") ¶ 222–224, the Court will apply the "compelling reasons" standard. Defendants seek to seal FE-5's name from Exhibits A, B, D, and E that are attached to the McCormack Declaration in Support of Defendants' motion to strike, and Plaintiffs seek to seal FE-5's name and contact information from Exhibits A and B attached to the Deming Declaration in Opposition to Defendants' motion to strike, as well as portions of the Deming Declaration.

Both parties indicate that FE-5 has expressed concern about damage to his professional reputation or fear of retaliation. *See* Dkt. No. 155 at 2; Dkt. No. 162 at 2. The Court finds that the personally identifying information of FE-5, a nonparty, is "not relevant to the disposition of this case" and "implicates important privacy concerns . . . that outweigh the public's interest in disclosure." *See Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (finding the names of nonparties "implicate[d] important privacy concerns" and those names were "not relevant to the disposition of th[e] case"); *see also In re Bofi Holding, Inc. Sec. Litig.*, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016) (finding "fear [of] retaliation and potential harassment" constitute "compelling reasons that outweigh the public's interest in disclosure" of the identities of confidential witnesses). Further, the Court finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79–5.

### III. CONCLUSION

Because the Court finds that the parties have established compelling reasons to seal the limited portions of the documents, the motions to file under seal are **GRANTED**. The Court **DIRECTS** the parties to file redacted versions of these documents on the public docket within seven days of this order.

**IT IS SO ORDERED.**

Dated: 3/2/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge