UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRON WORKERS LOCAL 580 JOINT FUNDS, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>NVIDIA CORPORATION, et al.,<br><br>         Defendants. | Case No. 18-cv-07669-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL AND GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS**<br><br>Re: Dkt. Nos. 236, 239, 255, 262, 268, 273 |

Before the Court are several motions to seal and a motion to remove incorrectly filed documents related to the parties' briefing for the motion for class certification. Dkt Nos. 236, 239, 255, 262, 268, 273. The Court **GRANTS IN PART** and **DENIES IN PART** the motions.

## I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted). For example, a court may order sealing under the "compelling reasons" standard of confidential and proprietary business information when public disclosure of such information "could result in improper use by business

competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

When a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See* Civ. L.R. 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.    DISCUSSION

Because Defendants seek to seal documents related to a class certification motion that is more than "tangentially related to the merits of the case," the Court applies the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

### a.    Dkt. Nos. 236 and 239

Plaintiffs filed an administrative motion to consider whether to seal exhibits and excerpts from their motion for class certification, which contained material marked by Defendants as confidential. Dkt. No. 236. Defendants filed a timely response, requesting slightly narrower redactions. Dkt. No. 239.[1]

---

[1] Defendants filed their response as a motion, so the Court will treat that response as the operative motion and **TERMINATE AS MOOT** Dkt. No. 236.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants ask the Court to seal several exhibits and excerpts from Plaintiffs' motion for class certification. Dkt. No. 239 at 2. Defendants argue that these materials contain "documents and email discussion about business strategies, financial data, market demand analysis, sales and customer data, marketing and pricing strategies, internal forecasting processes, and competitive positioning strategies," and that disclosure would "harm NVIDIA's business and competitive interests." *Id.* at 3.

Specifically, Defendants seek to fully seal Exhibits 2, 8, and 12, which are "internal PowerPoint presentations [that] contain confidential business information, analysis of customer demand and usage, product sales data, and financial performance and forecasting." Dkt. No. 239-1 ¶ 4. Having reviewed the documents, the Court agrees that disclosing this information could reveal Defendants' proprietary information and put them at a competitive disadvantage. *Cf. Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6576266, at *7 (N.D. Cal. Dec. 13, 2023) (redacting sales volume information, sales revenue information, and associated profits); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (sealing "product-specific customer data that could be used to company's competitive disadvantage"). These presentations are comprised of graphs and tables of data and forecasting, and the Court is also satisfied that trying to seal narrower portions of the exhibits would not grant meaningful additional access to the public.

Next, Defendants seek to fully seal Exhibits 7 and 16, which are "communications and materials sent to NVIDIA's Board of Directors, reflecting highly confidential business, financial, and accounting information, data, and projections." Dkt. No. 239-1 ¶ 7. The Court agrees that disclosing this information could "reveal highly sensitive, confidential, and proprietary business information that would result in significant harm to NVIDIA's business and competitive standing." *Id.*; *see Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing presentation that contained "long-term financial predictions, discussions of business strategy, and competitive analyses"). The Court is once more persuaded that narrower redactions could harm Defendants and would grant the public only minimal additional access.

Next, Defendants seek to seal Exhibits 3–6, 9–11, 13–15, and 17, which are "email

communications discussing confidential customer and product data, marketing and pricing strategies, financial data and forecasting, and business strategies to maintain NVIDIA's competitive positioning in the market." Dkt. No. 239-1 ¶ 6. Defendants seek to seal Exhibits 10, 11, and 14 in full. *Id.* The Court agrees that revealing this information could result in harm to NVIDIA's business and competitive standing and finds compelling reasons to seal. *See Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (granting request to seal documents containing "internal information regarding [the party's] business strategies and opportunities that were not widely distributed even within the [designating party's] organization"); *Krieger*, 2011 WL 2550831, at *1.

Finally, Defendants seek to seal portions of Plaintiffs' motion for class certification, which "reference and incorporate the confidential information contained in Exhibits 2-17." Dkt. No. 239-1 ¶ 9. The Court agrees that many of the redacted excerpts quote from the sealed exhibits, and it would be willing to seal (for example) specific quantitative references to otherwise sealed internal data. However, some of the proposed redactions would seal Plaintiffs' general allegations against the Defendants. *See, e.g.*, Dkt. No. 237 at 1:23–2:1, 5:14–15. These general allegations do not reference specific sensitive data, and the public has an interest in understanding the core arguments in this case.

Accordingly, the Court **DENIES** the motion with respect to Plaintiffs' motion for class certification. Defendants are **ORDERED** to submit any renewed motion identifying narrower redactions in this document within 7 days of this order. The Court finds compelling reasons to **GRANT** the remainder of Dkt. No. 239 and **TERMINATES AS MOOT** Dkt. No. 236.

### b. Dkt. Nos. 255 and 262

Defendants filed an administrative motion to seal fifteen exhibits from their opposition to Plaintiffs' motion for class certification. Dkt. No. 255 at 2; Dkt. No. 255-1 ¶¶ 2–7 (seeking partial redactions in twelve exhibits and complete redactions in three). Defendants seek to seal "(1) internal NVIDIA emails and testimony provided to the SEC containing confidential, sensitive business information; (2) internal NVIDIA documents and a small portion of an expert report containing confidential, sensitive financial and accounting information; and (3) personally

identifiable information." Dkt. No. 255 at 3. Many of the documents are similar to those discussed above. Dkt. No. 255-1 ¶¶ 2–7 (discussing emails regarding sales volume, financial forecasting, and competitive strategies; documents regarding financial projections; internal presentations regarding forecasting and performance; and personally identifying information). Defendants also seek to seal SEC testimony discussing similar confidential information. *Id.* ¶ 4.

Courts routinely seal this kind of information, and the Court finds compelling reasons to do so here given the risk to Defendants' competitive standing. *See, e.g.*, *eBay Inc. v. Boch*, 2022 WL 1131720, at \*2 (N.D. Cal. Mar. 21, 2022) (granting motion to seal internal emails revealing "details of strategic business discussions and operations" and "confidential internal financial and business information"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at \*2 (N.D. Cal. Feb. 24, 2020) (sealing documents containing "internal strategic business and financial decision-making, including sensitive financial information"); *Krieger*, 2011 WL 2550831, at \*1. Narrower redactions that avoid disclosing this information are either not possible or would give minimal additional access to the public. Accordingly, the Court **GRANTS** the motion. The Court also **GRANTS** Defendants' related motion to remove two incorrectly filed documents, which did not include complete redactions. Dkt. No. 262.

### c. Dkt. No. 268

Plaintiffs filed an administrative motion to consider whether to seal excerpts from their reply to the motion for class certification, which contained material marked by Defendants as confidential. Dkt. No. 268. Defendants filed a timely response. Dkt. No. 270.

Defendants seek to seal six exhibits and portions of Plaintiffs' reply. *Id.* at 2.[2] Defendants claim these exhibits contain "highly sensitive, confidential, competitively valuable, and non-public business, financial, and accounting information," including "financial forecasts and projections" and emails and presentations that discuss "business process, financial information, product and sales data, and marketing and pricing strategies." *Id.* at 3; *see also id.* at 5 (also seeking to seal

---

[2] Defendants state they do not wish to seal Exhibits 28 and 29, Dkt. No. 270 at 2 n.1, so the Court **DENIES** the motion with respect to those exhibits. Plaintiffs should file unredacted versions of those exhibits on the docket within 7 days of this order.

United States District Court
Northern District of California

email addresses and phone numbers).  Plaintiffs oppose this request and argue that (1) Defendants' explanations are too generic to satisfy the compelling reasons standard; (2) the proposed redactions relate to strategies from 2017 to 2018 and "have no bearing on NVIDIA's business strategy today"; and (3) the redactions are not narrowly tailored, including because they would seal published quotes from analysts.  Dkt. No. 271 at 3–4, 6.

While these are largely the same types of documents discussed above, the Court agrees that at least some of these proposed redactions appear to seal public excerpts from analysts.  *See* Dkt. No. 268-5 at 6.  In addition, the Court again finds that the redactions in the reply are not narrowly tailored.  For example, Defendants have not explained why the harm of disclosing some of the general allegations about Defendants' conduct, *see, e.g.*, Dkt. No. 269 at 7:24–25, 8:14–16, outweighs the public's interest in understanding the basic claims in the case.  It is Defendants' burden to articulate compelling reasons to seal this information and to identify narrowly tailored redactions, so the Court **DENIES** the motion.  Defendants are **ORDERED** to submit any renewed motion identifying narrower redactions within 7 days of this order.[3]

### d.  Dkt. No. 273

Defendants filed a motion to seal three exhibits in support of their sur-reply to Plaintiffs' motion for class certification.  Dkt. No. 273.  The exhibits "are internal emails and presentations containing NVIDIA's highly sensitive, confidential, and non-public business and financial information, which detail and discuss NVIDIA's business and product development process, financial information, product and sales data, customer usage and demand analyses, and marketing and pricing strategies."  *Id.* at 3.  Defendants argue that "competitors may use this information to price competing products or adjust their product development and sales strategies to align with NVIDIA's."  *Id.*  As before, the Court agrees that the potential competitive harm from unsealing this kind of sensitive strategic and financial information is high, and the public interest in these three documents is low.  *Cf. eBay*, 2022 WL 1131720, at *2.  Accordingly, the Court finds

---

[3] While the Court does not necessarily agree with Plaintiffs that disclosing strategy information from 2018 cannot harm Defendants' competitive standing, Defendants should explain the harms of disclosing these particular documents more clearly in any renewed motion.

United States District Court
Northern District of California

compelling reasons to seal these documents and **GRANTS** the motion.[4]

### III.   CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Dkt. No. 239.  The Court **DENIES** Dkt. No. 268.  Defendants must submit any renewed motion identifying narrower redactions in (1) Plaintiffs' motion for class certification; (2) Plaintiffs' reply; and (3) the redacted exhibits to Plaintiffs' reply within 7 days of this order.

The Court **GRANTS** Dkt. Nos. 255, 262, and 273.  The Clerk is directed to permanently remove Dkt. Nos. 254-2 and 255-2 from the docket.  The Court **TERMINATES AS MOOT** Dkt. No. 236.

**IT IS SO ORDERED.**

Dated:    3/6/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[4] Plaintiffs' (untimely) opposition to this motion is unpersuasive.  Dkt. No. 277.  It raises the same arguments as Plaintiffs' other opposition, but (1) Defendants have more clearly identified a particularized harm in their motion; and (2) Defendants are not trying to redact obviously public information here that could be unredacted while providing meaningful additional access to the public.  For instance, Plaintiffs note that Defendants redacted the date of US tariffs in one exhibit. *Id.* at 5 (citing Dkt. No. 273-3 at 10).  This is true (and unnecessary), but the redaction obscures five words in a PowerPoint slide that is otherwise exclusively comprised of revenue numbers and financial strategies.

7